436 S.E.2d 312

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Richard Waitman STEVENS, Defendant Below, Appellant.**

**No. 21525.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 15, 1993.

Decided Oct. 15, 1993.

Michele Rusen, Pros. Atty. for Wood County, Teresa A. Tarr, Asst. Pros. Atty. for Wood County, Parkersburg, for appellee.

Joseph W. McFarland, Jr., Hague & McFarland, Parkersburg, for appellant.

PER CURIAM:

In this appeal from a final order of the Circuit Court of Wood County entered on April 30, 1992, the defendant, Richard Waitman Stevens, claims that the trial court erred when it denied his motion for acquittal on a conspiracy char⸱⸱. The defendant further asserts that the denial of the motion adversely impacted his ability to defend himself against a breaking and entering charge.

The defendant was indicted on July 9, 1991, by a Wood County grand jury on alternate counts of either breaking and entering, or entering without breaking under W.Va. Code, 61–3–12 (1923),[1] and on one count of conspiracy to commit breaking and entering, or entering without breaking under W.Va. Code, 61–10–31 (1971),[2] and W.Va.Code, 61–3–12. The defendant was convicted by jury of breaking and entering and conspiracy to commit a breaking and entering.

---

1. W.Va.Code, 61–3–12, provides, in pertinent part:

"If any person shall, at any time, break and enter, or shall enter without breaking, any ... shop ... within the jurisdiction of any county in this State, with intent to commit a felony or any larceny, he shall be deemed guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than one nor more than ten years."

2. The relevant section of W.Va.Code, 61–10–31, reads:

"It shall be unlawful for two or more persons to conspire (1) to commit any offense against the State or (2) to defraud the State, the state or any county board of education, or any county or municipality of the State, if, in either case, one or more of such persons does any act to effect the object of the conspiracy."

In its case, the State presented Raymond Watson as an eyewitness to the crime. On April 10, 1991, at 1:48 a.m., Mr. Watson was walking to his job at the *Parkersburg News and Sentinal* when he noticed that the front window to Ranal's Grocery and Carry Out was broken. Mr. Watson telephoned the police from a pay phone that was within several feet of the front of the store. While he was talking on the telephone, Mr. Watson watched the defendant and his co-defendant, Larry Wayne Foggin, exit the store through the broken window. The area was well lit and Mr. Watson gave detailed descriptions of both men to the police. Mr. Watson testified that he got a good look at the defendant who was carrying a crowbar out of the store.

The defendant and his co-defendant were stopped by the police twelve minutes later about one and one-half blocks from the store. After being stopped, the defendant and his co-defendant attempted to flee, but were re-captured by the police within several minutes. Mr. Watson positively identified the defendant as the man carrying the crowbar.

Inside the store, the police found a tire iron and two bricks which had been used to break a four-by-five-foot hole in the window. The owner testified that neither the tire iron nor the bricks were in the store prior to the crime. In addition, there were several pry marks on the safe and on the floor where the safe was bolted. Cash drawers were removed from the store's registers and the alarm system was forcefully unplugged from the wall. Despite several items being destroyed, the store owner could not find anything missing.

At the close of the State's case, the defendant made a motion for acquittal under Rule 29 of the West Virginia Rules of Criminal Procedure in regard to the entering without breaking charge and the conspiracy charge. The trial court granted the defendant's motion with respect to entering without breaking, but denied the defendant's motion as to conspiracy. After the verdict, the defendant timely filed a motion for a new trial under Rule 33 of the Rules of Criminal Procedure, alleging that the trial court erred in denying his earlier request to have the conspiracy charge dismissed. The trial court denied the motion.

After the motion for acquittal was denied, the defendant took the stand on his own behalf and denied any involvement in the crime. The defendant stated that on April 9, 1991, he and his co-defendant spent the day and evening together drinking heavily. The defendant contends that the two were out walking that night because they decided to go to the hospital to visit a sick friend. On the way to the hospital, the defendant claimed the two were separated because Mr. Foggin went to meet a woman. The defendant said that he waited for about ten to fifteen minutes in a parking lot near the hospital for Mr. Foggin to return. The two were reunited and were near the hospital when the police stopped them. The defendant also said that he had known Mr. Foggin for twelve years and was aware that Mr. Foggin had a history of breaking and entering.

The defendant contends that the evidence the State presented was insufficient to send the issue of conspiracy to the jury, and if the trial court would have granted the defendant's motion, he could have selected a different strategy to defend against the breaking and entering charge, e.g., he could have called Mr. Foggin to testify. We find the defendant's contention without merit.

■ In determining whether a motion for acquittal [3] should be granted, we held in Syllabus Point 10 of *State v. Davis*, 176 W.Va. 454, 345 S.E.2d 549 (1986):

"'"Upon motion to direct a verdict for the defendant, the evidence is to be viewed in light most favorable to prosecution. It is not necessary in appraising its sufficiency that the trial court or reviewing court be convinced beyond a reasonable doubt of the guilt of the defendant; the question is whether there is substantial evidence upon which a jury might justifiably find the

---

**3.** Rule 29 of the Rules of Criminal Procedure abolished "motions for directed verdicts" and replaced them with "motions for judgment of acquittal."

defendant guilty beyond a reasonable doubt." *State v. West*, 153 W.Va. 325, 168 S.E.2d 716 (1969).' Syl. pt. 1, *State v. Fischer*, 158 W.Va. 72, 211 S.E.2d 666 (1974)."

In the present case, the State presented more than sufficient evidence that the defendant and Mr. Foggin committed the breaking and entering. The only question is whether the State presented substantial evidence that the two men conspired to commit the crime.

■ To convict someone of the crime of conspiracy, the State must demonstrate that the defendant agreed with at least one other person[4] to commit an offense against the State and that one of the conspirators committed an overt act to effectuate the offense.[5] In Syllabus Points 5 and 6 of *State v. Johnson*, 179 W.Va. 619, 371 S.E.2d 340 (1988), we held:

> "5. '*W.Va.Code*, 61–10–31(1), is a general conspiracy statute and the agreement to commit any act which is made a felony or misdemeanor by the law of this State is a conspiracy to commit an "offense against the State" as that term is used in the statute.' Syllabus Point 1, *State v. Less*, 170 W.Va. 259, 294 S.E.2d 62 (1981).

> "6. 'In order for the State to prove a conspiracy under *W.Va.Code*, 61–10–31(1), it must show that the defendant agreed with others to commit an offense against the State and that some overt act was taken by a member of the conspiracy to effect the object of that conspiracy.' Syllabus Point 4, *State v. Less*, 170 W.Va. 259, 294 S.E.2d 62 (1981)."

We also stated in *State v. Less*, 170 W.Va. 259, 265, 294 S.E.2d 62, 67 (1981), that an "agreement may be inferred from the words

and actions of the conspirators, or other circumstantial evidence, and the State is not required to show the formalities of an agreement." Citing *American Tobacco Co. v. United States*, 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575 (1946); *Interstate Circuit v. United States*, 306 U.S. 208, 59 S.Ct. 467, 83 L.Ed. 610 (1939); *State v. Wisman*, 94 W.Va. 224, 118 S.E. 139 (1923).

■ The defendant asserts in his brief that the facts presented by the State do not prove an "agreement" to commit the crime. However, viewing the evidence in a light most favorable to the prosecution, we find there was sufficient evidence that the defendant and Mr. Foggin agreed in advance to commit the crime. Clearly, the jury might justifiably conclude beyond a reasonable doubt that the use of the crowbar, tire iron, and bricks required advanced planning and preparation by the defendant and his co-defendant, and, therefore, was not a spontaneous act. It could certainly conclude that these implements were brought to the store and were used to effectuate the forcible entry. The presence of Mr. Foggin inside the store with the defendant would indicate that he had accompanied him to the scene.

For the foregoing reasons, we affirm the judgment of the Circuit Court of Wood County.

*Affirmed.*

4. In *Morrison v. California*, 291 U.S. 82, 92, 54 S.Ct. 281, 285, 78 L.Ed. 664, 671 (1934), the Supreme Court stated: "It is impossible ... for a man to conspire with himself."

5. In *State v. Less*, 170 W.Va. 259, 265, 294 S.E.2d 62, 67 (1981), we noted that "[t]he purpose of the overt act requirement is merely to

show 'that the conspiracy is at work.' *Yates v. United States*, 354 U.S. 298, 334, 77 S.Ct. 1064, [1085,] 1 L.Ed.2d 1356, [1384] (1957), [*overruled on other grounds Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978),] *quoting Carlson v. United States*, 187 F.2d 366, 370 (10th Cir.1951)."